Gunter, J.
Tliis was an action for usurpation of office; relator had judgment. Defendant appealed. The pertinent facts were: At a regular meeting of the board of trustees of the town of Florence, four trustees present, one presiding as mayor pro tem., relator was elected marshal, receiving the votes of the four trustees. Appellant contends the election illegal in that the trustee sitting as mayor pro tem. was disqualified in such case from voting.
The material question here, and the one decisive below, is the right of the trustee when sitting as mayor pro tem. to vote in the absence of a tie.
The statute prescribes the number of votes requisite to elect. — Mills’ Ann. Stats., vol. 2, sec. 4445. This necessary number relator received, provided the vote cast by the trustee sitting as mayor pro tem. was properly counted. This officer was a member of the board of trustees before his election as mayor pro tem., and entitled to vote; by such election he did not lose his character or status as a member. This being true he retained his right to vote. — Am. and Eng. Ency. of Law, 1034; Beach on Public Corporations, vol. 1, § 292. •
The same rule obtains in this body as in our state, or in the national house of representatives, with reference to the speaker. In the two bodies last mentioned, a member of the house is elected as the *162 speaker, lie does not cease to be a member by such election; among liis rights as a member is that of voting, he does, not lose it by becoming speaker. — In re Speakership, 15 Colo. 520, 526, 25 Pac. 707; Whitney v. Village of Hudson, 69 Mich. 189, 198.
The mayor pro tem. in the case before us was a voting member of the body, entitled to vote on any question as a member thereof. This true, his vote was legally counted for relator.
The judgment below should be affirmed.

Affirmed.